Argued February 27, reversed and remanded with instructions
April 2, reconsideration denied
May 1, petition for review denied July 10, 1979

# WINSTON-DILLARD FIREFIGHTERS ASSOCIATION, LOCAL 2091, IAFF, et al, *Petitioners,*

## *v.*

# PUBLIC EMPLOYES' RETIREMENT BOARD, et al, *Respondents.*

## (No. 69-0921413, CA 9822)

592 P2d 1070

William N. Kent, Eugene, argued the cause for petitioners. With him on the brief was Gary K. Jensen, P.C., Eugene.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondents. With her on the

brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

This matter arises on a petition for judicial review of an order made by the Public Employes Retirement Board (PERB), which denied petitioners' request for termination and withdrawal from the federal Social Security System. Because we find the dispositive issue not cognizable in this proceeding, we dismiss the petition on our own motion.

There are no fact disputes. The Federal Security Administrator (now the Secretary of Health, Education and Welfare), and PERB, as the authorized representative of the State of Oregon, entered into an agreement on September 28, 1951, extending the benefits of the Social Security System to public employees of political subdivisions of the state, pursuant to provisions contained in 42 USCA § 418. There have been two amendments to the original agreement on April 8, 1955, and November 29, 1956.

On August 19, 1957, the Secretary of Health, Education and Welfare (HEW) and PERB executed an agreement to provide social security benefits to employees of the petitioner district. On October 1, 1974, the petitioner district's board of directors sent PERB a letter informing the agency that the employees of the district had requested withdrawal from Social Security and asked advice on the proper procedures to follow to effectuate withdrawal. There followed correspondence between the district and PERB concerning those procedures. On July 28, 1975, the district's directors submitted a resolution to PERB requesting that their employees, who are members of the petitioner association, be permitted to withdraw, effective December 31, 1977.

On August 11, 1975, PERB informed the district and the association of the next step in the procedure for withdrawal, which consisted of an election among the full-time employees of the district to determine their desires in the matter. In the same letter PERB informed petitioners that it would deny termination

"[i]f they feel that it would not be in the public interest to allow this withdrawal." Petitioners complied with all PERB instructions to ascertain whether the district and the individual members of the association supported the request for voluntary termination, and a majority of the eligible employees voted in favor of termination. On December 8, 1975, PERB notified HEW that the district had submitted a resolution requesting termination of coverage effective December 31, 1977. PERB's letter of notification also asked HEW to "consider this letter to be the official 2-year notice as required under Section 218(g)(1) [42 USCA § 418(g)(1)] of the Act." PERB informed petitioners of the submission of the letter. The record does not disclose any HEW response.

There was no contact between petitioners and PERB until October 26, 1977, when PERB informed petitioners of a meeting date when PERB would take action on the request for termination. At that meeting, the request was first tabled. Then, on advice of its counsel, PERB reviewed its action in tabling the request, and that resulted in another vote being taken which unanimously denied the request. By letter dated December 14, 1977, PERB notified the Secretary of HEW that the notice of voluntary termination of December 8, 1975, was withdrawn. On the same date PERB notified petitioners of its action.

On March 30, 1978, PERB withdrew the order of December 7, 1977, and scheduled another hearing to take evidence regarding the petitioners' proposed termination. The hearing officer entered a single conclusion of law:

"1. The Board failed to give timely notice to the Secretary of Health, Education and Welfare of its withdrawal of the December 8, 1975, Notice of Termination within two years, coupled with the withdrawal of the order of December 7, 1977, pending reconsideration, establish that Petitioners have been legally and effectively terminated from the Social Security System. The Petitioners have complied with

[548]

all applicable statutes, rules, and regulations which were in existence necessary to accomplish Termination."

On August 28, 1978, the matter was submitted to PERB, which found that the public policy of the State of Oregon and the best interests of the parties required that termination be denied. The petition for judicial review followed.

42 USCA § 418 authorizes HEW to enter into an agreement with any state for the purpose of including employees of the state, or any political subdivision, within the Social Security System. ORS 237.414(1)[1] and .420[2] authorize PERB to enter into an agreement or modification of any agreement with the Federal Security Administrator on behalf of the state. The agreement between PERB and the administrator, as amended, provides for termination as follows:

> "(1) In accordance with the terms and conditions of [42 USCA § 418(g)], the State may terminate this agreement in its entirety, or may terminate this agreement with respect to any coverage group designated by the State."

---

[1] ORS 237.414(1):

"(1) The Public Employes' Retirement Board hereby is authorized and directed to enter into an agreement or modification of such agreement with the Federal Security Administrator (Secretary of Health, Education and Welfare) on behalf of the State of Oregon, consistent with the terms and provisions of ORS 237.412 to 237.418, for the purpose of extending the benefits of the Federal Old Age and Survivors Insurance system to employes of the state and the political subdivisions which at the time of repeal of chapter 401, Oregon Laws 1945, were participating in the Public Employes' Retirement System established by that chapter. The board may authorize its director, on behalf of and in the name of the board, to sign modifications of the agreement including within the agreement legally qualified eligible public agencies."

[2] ORS 237.420 provides in relevant part:

"The Public Employes' Retirement Board *** shall, upon application by any public agency *** execute on behalf of the state an agreement or modification of such agreement, with the Federal Security Administrator *** for the coverage of employes of such public agency under the insurance system establish by title 2 of the federal Social Security Act in conformity with the provisions of [42 USCA § 418], and applicable federal regulations ***."

42 USCA § 418(g) provides in pertinent part as follows:

"(1) Upon giving at least two years' advance notice in writing to the Secretary, a State may terminate, effective at the end of a calendar year specified in the notice, its agreement with the Secretary either—

"(A) ***; or

"(B) with respect to any coverage group designated by the State, but only if the agreement has been in effect with respect to such coverage group for not less than five years prior to the receipt of such notice.

"(2) *****.

"(3) If any agreement entered into under this section is terminated in its entirety, the Secretary and the State may not again enter into an agreement pursuant to this section. If any such agreement is terminated with respect to any coverage group, the Secretary and the State may not thereafter modify such agreement so as to again make the agreement applicable with respect to such coverage group."

The district's employees constitute a separate coverage group for the purposes of voluntary termination from the Social Security System. *See Montgomery County Maryland v. Ball*, 416 F Supp 737 (DC Md., 1975). The petitioners complied with every procedural requirement imposed by PERB, and a majority of the eligible employees voted in favor of termination. Petitioners met every procedural requirement imposed by federal statute, the federal regulations (20 CFR 404.1201-.1290; 422.1-.527) and Oregon statutory provisions for withdrawal from the system. Neither the federal statute nor the Oregon statutes contain any standards to establish a basis for a state refusing termination. The federal regulations cited above are also silent. ORS 237.470 provides:

"The Public Employes' Retirement Board shall promulgate regulations, not inconsistent with ORS 237.410 to 237.520, necessary to provide proper procedure to assure conformity with [42 USCA § 418], and federal regulations adopted pursuant thereto. Such

regulations shall include provisions governing application procedures, requiring an applicant to present proof satisfactory to the board of its ability to discharge its obligations under ORS 237.410 to 237.520 determining the extent of coverage within separate coverage groups, and provisions prescribing the manner of filing reports and making any payment required by ORS 237.410 to 237.520."

PERB has never adopted regulations pertaining to the manner, scope or basis of modification or termination of an agreement.

We are brought, then, to petitioners' contention that PERB's order denying petitioners' voluntary withdrawal and termination from the Social Security System is not supported by substantial evidence on the record. Further, petitioners urge that the failure of PERB to promulgate necessary regulations requires that we reverse its order and "grant" the petitioners voluntary termination and withdrawal. We conclude, however, that underlying both of these contentions is another which is critical to the whole problem and compels us to decline to consider the others and dismiss the petition.

The referee in his conclusion quoted above found that the action by PERB on December 14, 1977, notifying HEW of withdrawal of the December 8, 1975, notice letter was not timely and was ineffective. That is to say, the referee found that the 1975 letter effectuated the withdrawal as of December 31, 1977, and that nothing PERB could or did do thereafter could avoid termination. The validity of that conclusion is not before us, but it is petitioners' basic position that by reason of the December, 1975, letter their membership in the Social Security System was terminated on December 31, 1977, *under federal law and regulations*, regardless of any purported withdrawal of termination by PERB.

The effectiveness of this court's deciding what petitioners ask that we do is dubious at best. The

statutory notice was given in 1975; the 1977 termination point has long passed. If, as a matter of federal law under 42 USCA § 418(g)(1), the 1975 notice was effective to work a termination on December 31, 1977, issues of the propriety of PERB's attempt at nullification of that notice under Oregon's Administrative Procedures Act are moot. If, as a matter of federal law, the attempted withdrawal of the 1975 notice in 1977 or 1978 was effective, nothing we decide can directly affect the federal agency's determination. How a withdrawal is effectuated, or how a withdrawal once initiated by a notice may be terminated or nullified, are issues of federal law which cannot be resolved in this proceeding. Petitioners' claims that the withdrawal was untimely and, perhaps, unlawful are issues between them and the federal agency, not between them and PERB.[3] The Social Security Administration was not a party to the proceeding, and it probably could not have been effectively made a party.

The record in this proceeding contains a letter from the Assistant Regional Commissioner of the Social Security Administration in Seattle, dated August 23, 1978, addressed to PERB. The letter reflects the advice of counsel to the agency that the 1977 letter from PERB was effective under the federal statute to withdraw the 1975 notice. The sense of that letter is that the agency is treating petitioners' attempted withdrawal as nullified. That seems to show that at this point petitioners' dispute is with the Social Security Administration, not PERB. At this time, the controlling question is whether the interpretation of federal law under which the federal agency is acting is correct, and we have no means to make an effective determination of that question.

---

[3] The scope of PERB's functions under the agreement with HEW with respect to an attempt to withdraw are not defined. The only relevant language is that quoted above at page 4. The federal regulations (20 CFR 404.1201-.1290) do not say anything about withdrawal, but in general they impose on PERB only administrative and reporting duties. There is nothing in those regulations which grants PERB any decision-making function. The same is true of ORS 237.410-.520, which provide for public employee participation in Social Security.

Reversed and remanded with instructions to dismiss the proceeding.